**86 So.2d 96**

**STATE of Louisiana ex rel. Hugh Justus SMITH, Jr.,**

**v.**

**W. H. THOMPSON and Thomas I. Sanders.**

**In re Honorable Leroy Collins, Governor of the State of Florida, Applying for Writs of Certiorari to the Twenty-First Judicial District Court, Parish of Tangipahoa.**

**No. 42731.**

Feb. 20, 1956.

Huckabay, Seale, Kelton & Hayes, Baton Rouge, for relator.

Reid & Reid, Hammond, Mentz & Ford, Hammond, for respondent.

McCALEB, Justice.

Hugh Justus Smith, Jr., was party defendant to a divorce proceeding instituted in the Circuit Court of Bradford County, Florida, resulting in a decree of divorce in favor of his wife, who was also awarded the custody of their minor children, reserving to defendant the right of visitation and temporary custody during specified times and intervals. Subsequently, Smith brought one of the children from Florida to his home at Hammond, Louisiana and his former wife thereupon made affidavit charging him with removing the child from the State in violation of a court order, which is a felony under the law of Florida.

A bill of information was thereafter filed in Broward County, Florida against Smith

and the Governor of Florida sent a requisition to the Governor of Louisiana for his extradition. The Governor of Louisiana issued a warrant of extradition in due course and Smith was arrested and taken in custody by the Sheriff of the Parish of Tangipahoa, following which he instituted these habeas corpus proceedings in which the Governor of Florida intervened.

After a hearing, the trial judge made the writ peremptory, holding that the bill of information was fatally defective. We granted a writ of certiorari to review this ruling on application of intervenor, the Governor of Florida.

Since the transmission of the record to this Court, Smith has moved for the dismissal of the writ on the ground that the matter has become moot because the Governor of Louisiana has revoked the warrant for his extradition to the State of Florida. Attached to the motion is a letter purportedly written by the Governor to counsel for respondent and also copy of a telegram sent by the Governor to the Sheriff of Tangipahoa Parish, advising him of the revocation of the warrant of extradition.

On the day the case was submitted for our decision, no appearance was made by relator or his counsel contesting the motion to dismiss and the sworn allegations thereof are not controverted. In these circumstances, we uphold the motion as it is clear that the issue for decision is moot. Hirt

v. City of New Orleans, 225 La. 589, 73 So. 2d 471 and cases there cited.

The writ of certiorari is accordingly dismissed.